[relates to Docket Items 24 and 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE LUGO-VAZQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN GRONDOLSKY & MEDICAL DEPARTMENT FCI FORT DIX,<br><br>　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 08-986 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

　　This matter is before the Court upon Plaintiff's motions [Docket Items 24 and 30], brought pursuant to Rule 60(b), Fed. R. Civ. P., for relief from the Court's November 25, 2008 Opinion and Order [Docket Items 22 and 23], which dismissed his claims without prejudice.  THIS COURT FINDS AS FOLLOWS:

　　1.  Plaintiff Jose Lugo-Vazquez, proceeding pro se, is an inmate who is presently confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").  He filed this lawsuit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Warden Grondolsky failed to protect him from being attacked by a fellow prisoner and that the Medical Department at FCI Fort Dix provided him with inadequate medical care.

　　2.  In particular, Plaintiff alleged that he was attacked by an unspecified inmate on January 13, 2008.  (Compl. ¶ 3-1.) Plaintiff alleges that the attack took place because "there was

no security to prevent [it,] . . . [b]eing that there is one correctional officer for . . . [every] three hundred and sixty inmates."  (Id. at ¶ 3-2.)  Plaintiff alleged that he suffered "severe damages to the skull and brain" as a result of the attack.  (Id. at ¶ 3-1.)  Since the attack, Plaintiff has experienced a seizure, severe headaches, and a loss of hearing in one ear, which conditions he alleges the prison's Medical Department failed to treat satisfactorily.  (Id. at ¶¶ 3-4, 3-6.)

    3.  In his Complaint, Plaintiff conceded that he "did not seek administrative remedy in this case[] [d]ue to the [c]onstitutional magnitude of violations by the administration here at Fort Dix."  (Id. at ¶ 3.)  According to Plaintiff,

> [t]he administrative remedy process will not aid in this case.  The Warden Grondolsky, Dodrill the regional director, nor Washington[']s Central office Watts, will not admit through the remedy process that the Plaintiff's constitutional rights were violated.  So therefore the remedy process will not aid the Court.

(Id.)

    4.  In its November 25, 2008 Opinion and Order [Docket Items 22 and 23], the Court granted Defendants' motion to dismiss the Complaint without prejudice on account of Plaintiff's failure to exhaust administrative remedies.  The Court explained:

> The [Prison Litigation Reform Act ("PRLA")] provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "As the statutory

2

> language makes clear, § 1997e(a) applies equally to § 1983 actions and to <u>Bivens</u> actions." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 68 (3d Cir. 2000) . . . . Under the Act, the exhaustion of all administrative remedies is mandatory, whether or not the inmate believes that such administrative remedies would be effective and even if the available administrative processes cannot grant the desired remedy. <u>Booth v. Churner</u>, 532 U.S. 731, 739-41 (2001) . . . .
>
> In view of Plaintiff's acknowledgment on the face of his Complaint that he elected not to file an administrative grievance form "[d]ue to the [c]onstitutional magnitude of violations by the administration here at Fort Dix," and because he believed that Defendants would not "admit through the remedy process that the Plaintiff's constitutional rights were violated," (Compl. ¶ 3), the Court agrees with Defendants that the Complaint must be dismissed in order to afford Plaintiff the opportunity to grieve this matter internally.  The law is clear that "the PLRA exhaustion requirement requires proper exhaustion," whether or not the inmate believes that the remedial process will afford him the relief he seeks. [<u>Woodford v. Ngo</u>, 548 U.S. 81, 95 (2006)] (noting as well that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance") . . . .
>
> The order of dismissal herein is without prejudice to Plaintiff's right to file a new complaint upon his exhaustion of available administrative remedies.

(Docket Item 22 at 9-10, 12.)

    5.  Plaintiff has filed two motions [Docket Items 24 and 30], pursuant to Rule 60(b)(3) and (6), Fed. R. Civ. P., seeking relief from the Court's Opinion and Order.  In his motions, Plaintiff states that after the Court granted Defendants' motion to dismiss, he attempted to exhaust the prison's administrative remedy process but that Defendants frustrated his efforts.  In particular, Plaintiff asserts that he submitted an administrative

3

remedy form which was returned to him because he had failed to state the relief he had requested, and that he submitted a second form which was returned to him with a request that he be more specific as to the matter he was complaining about.  According to Plaintiff's submissions, Plaintiff believes that Defendants are frustrating his ability to exhaust the prison's administrative remedy process.

    6.   While the Court does not find that Rule 60(b) is the correct procedural vehicle to address the matters raised in Plaintiff's motions, see Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991) ("by its terms, Rule 60(b) applies only to final judgments"), the Court will permit Plaintiff to file an amended complaint in this matter for the reasons now discussed. See Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008) (court must liberally construe pro se parties' submissions).  It is well recognized that "[d]ismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."  Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002) (emphasis added); see also Dawson Farms, LLC v. Farm Service Agency, 504 F.3d 592, 607 (5th Cir. 2007); cf. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (dismissal without prejudice affords plaintiff the opportunity to cure the identified deficiency).

    7.   Given that Plaintiff's original Complaint was dismissed

without prejudice, therefore, Plaintiff could seek to "reinstate[]" this matter upon his correction of the failure to exhaust identified in the November 25, 2008 Opinion.  Walker, 288 F.3d at 1009.  As Plaintiff's submissions indicate, in the time since his original pleading was dismissed for failure to exhaust administrative remedies, Plaintiff endeavored to comply with the prison's administrative remedy program, filing two administrative remedy forms aimed at grieving the matters originally raised in his Complaint.  Both of Plaintiff's grievances were denied and returned to him, with the "Administrative Remedy Coordinator" deeming Plaintiff's submissions to be "unclear."  (Lugo-Vazquez Decl. Ex. 1 at 1.)

       8.  While the Court makes no finding herein concerning the sufficiency of Plaintiff's effort to exhaust the prison's administrative remedy process, it does find that it would not be futile for Plaintiff to file an amended complaint aimed at curing the deficiency that was the basis of the original dismissal of this action – that is, "Plaintiff's acknowledgment on the face of his Complaint that he elected not to file an administrative grievance form."  (Docket Item 22 at 9); see In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

       9.  As the Court made clear in the November 25, 2008

Opinion, "[t]he law is clear that 'the PLRA exhaustion requirement requires proper exhaustion,' whether or not the inmate believes that the remedial process will afford him the relief he seeks."  (Docket Item 22 at 10) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).  In order for the exhaustion requirement to apply, however, the administrative remedies in question must actually have been "available" for the inmate to exhaust.  § 1997e(a).  In Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002), for example, the Court of Appeals found that where the plaintiff alleged that prison guards directed him not to follow the formal grievance process, there was a material issue of fact as to "whether these instructions rendered the formal grievance procedure unavailable to him within the meaning of 42 U.S.C. § 1997e."  Id. (citing Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), for the proposition that "a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997e").  Similarly, courts within and outside this Circuit have recognized that where the prison fails meaningfully to address the merits of an inmate's grievance, the remedy process may be found to be unavailable for PLRA purposes. See, e.g., Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2005); Ortiz v. Hayman, No. 06-4730, 2008 WL 1319203, at *4 (D.N.J. Apr. 10, 2008).

    11.  On the limited record before it, the Court is not

prepared to conclude whether the remedy process was or was not rendered unavailable to Plaintiff by the prison's response to his grievance forms, a matter as to which Defendants may move for summary judgment at a later date.  However, because Plaintiff appears to allege that Defendants are making the prison's remedy process unavailable to him by failing to respond to the merits of his grievance forms, and because "failure to exhaust is an affirmative defense to be pleaded [and proven] by the defendant," Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), the Court cannot conclude that it would be futile for Plaintiff to file an amended complaint that cures the deficiency identified in the November 25, 2008 Opinion.  See In re Burlington Coat Factory, 114 F.3d at 1434.

12.   Therefore, in light of Plaintiff's allegations that he has exhausted he administrative remedies that are available, the Court will grant leave to reopen this docket for further proceedings.  It will be Plaintiff's duty to file an Amended Complaint, making these allegations as to exhaustion of remedies, and serve same upon counsel for the Defendants, as provided herein.

13.   For the reasons explained above, the Court will deny Plaintiff's motions seeking relief pursuant to Rule 60(b), Fed. R. Civ. P., but will reopen this docket and will grant Plaintiff leave to file an amended complaint that corrects the deficiencies

concerning administrative exhaustion reviewed in the November 25, 2008 Opinion within twenty (20) days of the entry of the Order accompanying this Opinion.  The accompanying Order is entered.


**July 1, 2009**                                **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge