```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSE LUGO-VAZQUEZ, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-986 (JBS) |
| v. | |
| WARDEN GRONDOLSKY & MEDICAL DEPARTMENT FCI FORT DIX, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendants' unopposed motion seeking dismissal or summary judgment, as appropriate [Docket Item 54].  This Court finds as follows:

1.  Plaintiff Jose Lugo-Vazquez, proceeding without an attorney, is an inmate who was confined at the Federal Correctional Institution in Fort Dix, New Jersey at the time of filing this action.  Plaintiff was released on September 28, 2009.  He filed this lawsuit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Warden Grondolsky failed to protect him from being attacked by a fellow prisoner and that the Medical Department provided him with inadequate medical care.

2.  In particular, Plaintiff alleged that he was attacked by an unspecified inmate on January 13, 2008.  (Compl. ¶ 3-1.) Plaintiff alleges that the attack took place because "there was no security to prevent [it,] . . . [b]eing that there is one

correctional officer for . . . [every] three hundred and sixty inmates." (Id. at ¶ 3-2.)  Plaintiff alleged that he suffered "severe damages to the skull and brain" as a result of the attack.  (Id. at ¶ 3-1.)  Since the attack, Plaintiff has experienced a seizure, severe headaches, and a loss of hearing in one ear, which conditions he alleges the prison's Medical Department failed to treat satisfactorily.  (Id. at ¶¶ 3-4, 3-6.)

    3.  In its November 25, 2008 Opinion and Order [Docket Items 22 and 23], the Court granted Defendants' motion to dismiss the Complaint without prejudice because of Plaintiff's failure to exhaust administrative remedies as required by statute.  42 U.S.C. § 1997e; Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000). [Docket Item 22.]

    4.  The Court permitted Plaintiff to file an amended complaint because Plaintiff subsequently indicated that he had made at least some effort to exhaust his remedies.  [Docket Item 38.]  Specifically, Plaintiff indicated that after the Court's dismissal he had sought to exhaust his remedies but had his forms returned to him stating that his complaints were unclear and asking for more specificity.  [Id.]  The Court took no position as to whether such facts would constitute exhaustion of remedies, but found that it would not be futile for Plaintiff to file an amended complaint that explained his attempts at exhaustion.

    5.  Plaintiff filed this Amended Complaint on September 17,

2009. [Docket Item 47]. The Amended Complaint discards the allegations with respect to the alleged failure to protect Plaintiff from the assault by another inmate. It retains the inadequate medical care claim and adds three new claims against three new defendants, though it is not clear that these new defendants have been served.

6. In any event, all defendants now seek to dismiss the Complaint arguing that Plaintiff has not exhausted his administrative remedies for some of the claims in the Amended Complaint, and that the ones that were exhausted fail to state a claim upon which relief may be granted. Plaintiff did not submit opposition. The fact that a motion to dismiss or motion for summary judgment is unopposed is not alone a sufficient reason to grant it. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). The Court must still determine that dismissal is warranted.

7. Plaintiff's 28-page Amended Complaint (which includes only 26 pages, with two apparently missing) contains 186 numbered paragraphs that are largely incomprehensible. As best the Court can tell, Plaintiff alleges that when he was released from the outside hospital on January 16, 2008, with serious injuries, he was placed in solitary confinement and remained there until March 2008. He was allegedly held there because of "falsified . . . documents" of an unspecified nature, though the Court surmises

from paragraphs 70-74 that the documents somehow downplayed the alleged severity of Plaintiff's injuries.  Because he was in solitary confinement, he alleges that he was not treated for his injuries nor could he timely exhaust his remedies for events occurring prior to his solitary confinement during his time there because these officials would not assist him.  He also complains that Dr. Sulayman refused to issue a certificate of merit, and briefly mentions something about the opening of his legal mail.  Construed liberally, the Amended Complaint brings claims of deliberate indifference for the lack of medical care; a claim under the Privacy Act, 5 U.S.C. § 552, related to the use of his medical documents while he was in solitary confinement; a claim based on the obstruction of his administrative remedies; a negligence claim based on unspecified conduct, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b); and an unspecified claim regarding the opening of his legal mail.

    8.  The Amended Complaint makes no mention of Plaintiff's efforts at exhaustion after his release from solitary confinement, as the Court requested; it only repeats the previous allegations that he was prevented from pursuing administrative remedies for a three month period in early 2008.  Regarding Defendants' allegations that Plaintiff failed to pursue the available administrative remedies as required by 42 U.S.C. § 1997e(a), the Court considers evidence submitted by Defendants

and thus converts this motion to one for summary judgment, as pled by Defendants in the alternative.  [See Docket Item 54.] Defendants' evidence adduced on this motion indicates that Plaintiff did not exhaust these his administrative with respect to the deliberate indifference, Privacy Act, or obstruction of remedies claims.  (Moran Decl. ¶ 8-15, Ex-2, at 12-22).  The documentation of the administrative process does indicate that some efforts were made by Plaintiff, but that his claims were returned to him by officials seeking clarification, and that he failed to offer this clarification.  (<u>Id.</u>)  The Court does not find that the request for clarification so obstructed Plaintiff's access to administrative remedies as to make them unavailable under § 1997e(a), or that he was not required to make at least some efforts to renew and clarify his administrative claims.  An inmate is not only required to exhaust his claims, but to do so in the procedurally proper way, <u>see</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 229 (3d Cir. 2004), which in this case involves clarification where the allegations in an initial claim are unclear.  Accordingly, Defendants are entitled to summary judgment upon Plaintiff's claims of deliberate indifference to medical needs, violations of the Privacy Act, and obstruction of administrative remedies.

    9.  Plaintiff has apparently exhausted his administrative remedies for his negligence claim and his claim regarding the

opening of his mail.  (Moran Decl. ¶ 16-17.)  But both claims must be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P.  As to the negligence claim, there are no allegations in the Amended Complaint regarding any breach of duty and how this breach injured Plaintiff.  And Plaintiff's one line of mail-related allegations on page 27 of the Complaint is simply too vague and incomplete to state a claim.  Among other problems, it does not allege which defendant, if any, engaged in which conduct with respect to the mail, nor does it allege a harm to a constitutionally protected right.  Defendants' motion to dismiss the negligence claim and the opening of mail claim will be granted.

    10.  Summary judgment will be granted for Defendants upon the claims for which Plaintiff did not exhaust his administrative remedies (namely, deliberate indifference to medical needs, violation of the Privacy Act, and obstruction of administrative remedies) pursuant to 42 U.S.C. § 1997e; <u>Nyhuis v. Reno</u>, 204 F.3d 65, 68 (3d Cir. 2000).  The claims which were exhausted (namely, negligence and opening the mail) do not contain sufficient factual allegations to state a claim upon which relief may be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008).

11. The accompanying Order will be entered.

**June 2, 2010**                                   **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                    United States District Judge